UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: BEN M. TODD                                              CIVIL ACTION

                                                                NO.: 18-800-BAJ-EWD

RULING AND ORDER

Before the Court is Samera Abide and Steven Lemoine's **Motion to Dismiss (Doc. 3)** Liberty Personal Insurance Company's appeal from a bankruptcy-court order approving Abide and Lemoine's fee application. Abide and Lemoine contend that Liberty lacks appellate standing under the "person aggrieved" test. The Court agrees. For the reasons that follow, Abide and Lemoine's **Motion (Doc. 3)** is **GRANTED** and Liberty's appeal is **DISMISSED**.

I.   BACKGROUND

This bankruptcy appeal arises from a rear-end collision and lawsuit that led Ben Todd to declare bankruptcy. (Doc. 4 at 18). Todd's bankruptcy spawned two adversary proceedings. (Doc. 2-1 at 33, 160). In one of them, Abide—as trustee—sued to avoid a pre-petition transfer from Todd to his parents. (*Id.* at 33). In the other, Abide sued to avoid Todd's settlement of a potential bad-faith claim against Liberty. (*Id.* at 160).

The first adversary proceeding settled. (*Id.* at 362). Abide and Lemoine, as trustee's counsel, then moved the bankruptcy court to approve their application for a

1

fee equal to one-third of the settlement. (*Id.* at 347). The bankruptcy court did so. (Doc. 1-2). Liberty appeals. (Docs. 1-2, 1).

Liberty asks the Court to reverse the bankruptcy court's order approving the fee application. (Doc. 6). It asserts that the fee derives from money it paid Todd to settle his potential bad-faith claim. (*Id.* at 1). It reasons that Abide and Lemoine will have to return the fee if the adversary proceeding seeking to set aside the settlement succeeds. (*Id.* at 6). And it concludes that the Court should require Abide (as trustee) to "hold[] the funds pending the outcome of the adversary proceeding." (*Id.* at 1).

Now, Abide and Lemoine move to dismiss Liberty's appeal. (Doc. 3). They contend that Liberty lacks appellate standing because Liberty is not a "person aggrieved" by the bankruptcy court's order. (*Id.*). Liberty disagrees. (Doc. 5). It rejoins that it has standing as a "person aggrieved" because "every dollar awarded to [Abide and Lemoine] in fees is a dollar less that will be returned back to Liberty if the Trustee is successful in her avoidance action." (*Id.*).

## II. LEGAL STANDARD

Standing in bankruptcy cases is governed by the "person aggrieved" test. *In re Coho Energy, Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). The test is "an even more exacting standard than traditional constitutional standing." *Id.* at 202. To meet the test, Liberty must show that it was "directly and adversely affected pecuniarily by the order of the bankruptcy court." *Id.* at 203 (citation omitted). Liberty is the putative appellant and thus bears the burden of alleging facts showing that it is a

proper party to appeal. *See Fortune Nat'l Res. Corp. v. U.S. Dep't Interior*, 806 F.3d 363, 366 (5th Cir. 2015) (citation omitted).

III. **DISCUSSION**

Liberty cannot show that it was "directly and adversely affected pecuniarily" by the bankruptcy court's order approving Abide and Lemoine's fee application.[1] *See Coho Energy*, 395 F.3d at 203. That order only authorized Abide (as trustee) to pay Lemoine and Abide $53,333 in fees. (Doc. 1-2). It did not *directly* affect Liberty.[2] *See Fortune*, 806 F.3d at 367 (emphasizing that the order itself must produce the direct and adverse pecuniary effect). Nor did it affect Liberty pecuniarily; it cannot do so unless and until the second adversary proceeding resolves in Abide's favor. *See In re Technicool Sys., Inc.*, 896 F.3d 382, 386 (5th Cir. 2018) (holding that putative appellant's showing of a "speculative prospect of harm" failed to confer standing). Until then, Liberty has not lost a dollar of the settlement payment it admits is only "potentially returnable" to it. (Doc. 5 at 2).

Because Liberty fails to show that it was "directly and adversely affected pecuniarily" by the order of the bankruptcy court, Liberty fails to establish its standing to appeal under the "person aggrieved" test. *See Fortune*, 806 F.3d at 367.

---

[1] Liberty cites several out-of-circuit opinions it contends support its standing argument. *See In re Combustion Eng'g, Inc.*, 391 F.3d 190 (3d Cir. 2004); *In re Mushroom Transp. Co.*, 486 B.R. 148 (Bankr. E.D. Pa. 2013); *In re Moss*, 320 B.R. 143 (Bankr. E.D. Mich. 2005). None persuades. Each was decided under a standard different from, and more lenient than, the "person aggrieved" standard the Court must apply here.

[2] It is undisputed that Liberty was not a party to the settled adversary proceeding and is not a creditor in the bankruptcy case.

3

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 3)** is **GRANTED**. Liberty's appeal is **DISMISSED** for lack of standing.

Baton Rouge, Louisiana, this 14th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**